

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
BOSTON
HOUSTON
DALLAS
FORT WORTH
AUSTIN

*FIRM and AFFILIATE OFFICES*

Wᵐ ANDREW LIDDELL
DIRECT DIAL: +1 512 277 2272
PERSONAL FAX: +1 512 233 2241
*E-MAIL* WALiddell@duanemorris.com

www.duanemorris.com

HANOI
HO CHI MINH CITY
SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR

ALLIANCES IN MEXICO

July 10, 2023

**MEMO ENDORSED**

Hon. Laura Taylor Swain
Chief Judge
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

    Re:    Case 1:22-cv-09948-LTS Allustra Technologies LLC v. Clarins U.S.A., Inc.

Honorable Judge Swain:

    On July 6, in support of its letter motion to compel Plaintiff Allustra Technologies LLC ("Allustra") to search for and produce responsive documents that are in the possession, custody, or control of its parent Mary Kay Inc. ("Mary Kay"), counsel for Clarins U.S.A., Inc. ("Clarins") filed several Allustra documents under seal. *See* Dkt. 66.

    Pursuant to Section A.5.b.ii. of Your Honor's Individual Practices, Allustra states that the Delaware Limited Liability Company Agreement of Allustra Technologies LLC (the "Allustra LLC Agreement") (Dkt. 66-4) and portions of the letter motion and the email exchange between the parties' counsel (Dkt. 66-2) that refer to it should be kept under seal. Clarins does not oppose maintaining this information under seal.

    As a threshold matter, the Allustra LLC Agreement is not a "judicial document" that is "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*"). Nothing in the Allustra LLC Agreement is necessary to resolve the question of whether Allustra should be compelled to search the documents of its parent company.

    Allustra has identified Mary Kay as its parent company in its Rule 7.1 disclosures. *See* Dkt. 9. Further, in its response to Clarins's Interrogatory No. 11, Allustra identified the three

DUANE MORRIS LLP

LAS CIMAS IV
900 S CAPITAL OF TEXAS HIGHWAY, SUITE 300
AUSTIN, TX 78746-5435

PHONE: +1 512 277 2300    FAX: +1 512 277 2301

Hon. Laura Taylor Swain
July 10, 2023
Page 2

DuaneMorris

officers of Allustra that are also employees of Mary Kay. *See* Dkt. 66-3 at Page 8 of 14. No additional information is required to resolve Clarins's request.

If the Court determines, however, that the Allustra LLC Agreement is a judicial document, it must then determine the weight of the presumption of public access. "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (citation omitted). "Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id*. The "presumptive right to 'public observation' is at its apogee when asserted with respect to documents relating to 'matters that directly affect an adjudication.'" *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140 (2d Cir. 2004) (citation omitted).

Here, the information in the Allustra LLC Agreement is cumulative to Allustra's Rule 7.1 statement and interrogatory responses, and is therefore not necessary to determine whether Allustra should be compelled to search the documents of its parent Mary Kay. Therefore, the presumption of access is weak.

After assessing the strength of the presumption of access, the court must "balance competing considerations against it." *See Lugosch*, 435 F.3d at 120 (citation omitted). "Such countervailing factors include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" *Id*. (citation omitted).

As a Delaware LLC, Allustra has a strong privacy interest in maintaining the confidentiality of its LLC Agreement, which is not ordinarily publicly available. This document contains sensitive, proprietary business information that would subject Allustra to a competitive disadvantage if disclosed. *See, e.g., W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, No. 1:21-CV-11003-LTS, 2022 WL 890184, at *2 (S.D.N.Y. Mar. 25, 2022) (Swain, C.J.); *PDV Sweeny, Inc. v. ConocoPhillips Co.*, No. 14-CV-5183 AJN, 2014 WL 4979316, at *3 (S.D.N.Y. Oct. 6, 2014). Allustra's strong privacy interests in maintaining the confidentiality of its operating agreement outweigh the weak presumption of public access to this document.

Accordingly, Allustra requests that the Court permit the filing of redacted versions of the Letter Motion (Dkt. 66) and the correspondence between the parties' counsel (Dkt. 66-2), and keep the Allustra LLC Agreement (Dkt. 66-4) sealed in its entirety.

The foregoing request to file redacted versions of the letter motion at docket entry no. 66, and the correspondence between the parties at docket entry no. 66-2 is granted. The request to maintain docket entry no. 66-4 sealed in its entirety under the current level of access is also granted. DE#68 resolved. SO ORDERED.
July 24, 2023
/s/ Laura Taylor Swain, Chief USDJ

Very truly yours,

Wm. Andrew Liddell

W<sup>m</sup> Andrew Liddell